UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KAIBURR SYSTEMS LLC,**

              **Plaintiff,**

              **v.**

**TOWER 05, INC.,**

              **Defendant.**
_____

**1:22-cv-399
(GLS/TWD)**

## SUMMARY ORDER

Plaintiff Kaiburr Systems LLC commenced this diversity action against defendant Tower 05, Inc., alleging claims under New York law[1] for breach of contract, quantum meruit, and account stated. (Compl., Dkt. No.1.) Tower 05 now moves to dismiss Kaiburr's quantum meruit and account stated claims. (Dkt. No. 13.) For the reasons that follow, Tower 05's motion is denied.

**A.   Facts[2]**

In October 2018, Kaiburr and Tower 05 executed a written time and

---

[1] The parties appear to agree that New York law governs Kaiburr's claims. (Dkt. No. 13, Attach. 2 at 1; Dkt. No. 23 at 4 n.3.)

[2] The court accepts as true the facts alleged in the complaint and considers the exhibits attached to the complaint and incorporated by reference. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

materials contract (hereinafter the "Agreement").  ( Compl. ¶¶ 18-19.) Tower 05 agreed to pay Kaiburr for Kaiburr's time spent developing hardware and software, based on hourly rates set out in the Agreement. (*Id.* ¶¶ 18, 21.)  The Agreement's estimated budget was $1,023,421 and the Agreement's targeted completion date was October 7, 2019.  (Dkt. No. 1, Ex. B at 7; Dkt. No. 1, Ex. C at 2.)  The Agreement provided that Kaiburr would send Tower 05 invoices monthly; however, the Agreement did not include a maximum price or a "not-to-exceed" clause.  (Compl. ¶¶ 21, 24.) Finally, the Agreement contained a "Change Order Process," allowing the parties to alter the scope of the work.  (Dkt. No. 1, Ex. B at 6.)  The parties executed change orders to alter the Agreement's scope on two occasions. (Compl. ¶¶ 31-33.)

Kaiburr performed services for Tower 05 until January 2021.  (Compl. ¶ 46.)  By that time Tower 05 had paid Kaiburr $914,903 but refused to pay Kaiburr for $739,684 in outstanding invoices.  (Compl. ¶¶ 51, 56, 64.)

**B.**     **Quantum Meruit**

Tower 05 argues that Kaiburr's quantum meruit claim should be dismissed because it is duplicative of Kaiburr's breach of contract claim. (Dkt. No. 13, Attach. 2 at 5-8.)  Tower 05 contends that the right to plead in

2

the alternative does not save Kaiburr's quantum meruit claim because Kaiburr has not expressly disavowed the Agreement's validity or scope. (*Id.* at 8-10.)

The Federal Rules of Civil Procedure permit a plaintiff to seek "relief in the alternative . . . [and] state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(a)(3), 8(d)(3). Though New York law does not permit a plaintiff to recover under both breach of contract and quantum meruit, a plaintiff may properly plead both claims because the plaintiff may "not ultimately be able to establish an *enforceable* . . . contract." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 201-02 (2d Cir. 2023) (emphasis in original); *see Villnave Constr. Services, Inc. v. Crossgates Mall Gen. Co. Newco, LLC*, 201 A.D.3d 1183, 1185 (3d Dep't 2022) ("Although a party may not recover under both contract and quasi contract theories, a party may allege such theories alternatively—even to the point of submitting both to the jury . . . ") (citations omitted). Accordingly, "when the validity or scope of the contract is difficult to determine," a court may allow both claims to proceed past the motion to dismiss stage. *U.S. Bank N.A. v. BFPRU I, LLC*, 230 F. Supp. 3d 253, 266 (S.D.N.Y. 2017) (citation omitted).

Here, given the Agreement's indeterminate completion date and price, the court cannot yet determine whether Kaiburr sent invoices to Tower 05 for services that were performed beyond the Agreement's scope. Moreover, without Tower 05's answer, the court cannot ascertain whether the Agreement's validity—or the validity of the Agreement's modifications made through the change orders—will be disputed. *See P&G Auditors & Consultants, LLC v. Mega Int'l Com. Bank Co.*, 18-CV-9232, 2019 WL 4805862, at *15-16 (S.D.N.Y. Sept. 30, 2019) ("[B]ecause it is difficult to determine the validity or scope of the contract at the pleading stage, courts routinely reject arguments [against simultaneous quasi-contract claims] as premature . . . the Court cannot say at this stage that an express contract covers the entire dispute between the parties.") (internal quotation marks and citations omitted); *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 617 (S.D.N.Y. 2016) (denying motion to dismiss a quantum meruit claim in the alternative because "[i]t may turn out that the contracts, the existence of which is undisputed, do not actually *cover* this dispute. In that circumstance, plaintiffs' alternative pleadings in quasi-contract will prove to have been essential to recovery") (emphasis in original and citation omitted). Therefore, because the scope of the Agreement is

unclear and because the scope of the parties' dispute is unclear, dismissal of Kaiburr's quantum meruit claim is unwarranted at this time.

## C. Account Stated

Tower 05 argues that Kaiburr's account stated claim should be dismissed as duplicative of Kaiburr's breach of contract claim because both claims are premised upon Tower 05's failure to pay the same invoices and both claims seek to recover the same amount. (Dkt. No. 13, Attach. 2 at 10-12.)

Kaiburr contends that because there remains the possibility that Tower 05 will dispute that the invoices represent services provided within the Agreement's scope, Kaiburr is entitled to preserve the argument that the invoices represent distinct damages outside of the contract. (Dkt. No. 23 at 9.)

Under New York law, an account stated claim "cannot be made the instrument to create liability when none exists." *Gurney, Becker & Bourne v. Benderson Dev. Co.*, 47 N.Y.2d 995, 996 (1979). Therefore, because an account stated claim "is not maintainable [i]n the absence of a claim establishing underlying liability," such a claim cannot survive "[w]ithout a viable contract or quasi contract claim." *Michael R. Gianatasio, PE, P.C. v.*

5

*City of New York*, 37 N.Y.S.3d 828, 841-42 (Sup. Ct. 2016) (internal quotation marks and citations omitted), *aff'd*, 159 A.D.3d 659 (1st Dep't 2018).  If an enforceable contract exists, an account stated claim is duplicative of a breach of contract claim when the plaintiff seeks identical damages under both claims.  *See NetJets Aviation, Inc. v. LHC Communications., LLC*, 537 F.3d 168, 175-76 (2d Cir. 2008).  If an enforceable contract does not exist, the plaintiff may still maintain an account stated claim if the plaintiff also seeks to establish the defendant's underlying liability through a quasi-contractual claim, such as quantum meruit.  *See Trend & Style Asia Hk Co. v. Pac. Worldwide, Inc.*, 14-cv-9992, 2015 WL 4190746, at *5-8 (S.D.N.Y. July 10, 2015).

In this case, even if Kaiburr's account stated claim is duplicative of its breach of contract claim, Kaiburr's quantum meruit claim is a quasi-contractual theory that could establish Tower 05's underlying liability required to establish a valid account stated claim.  Furthermore, the court is not persuaded that Kaiburr's account stated claim is duplicative of its breach of contract claim because Kaiburr's complaint seeks damages using different language: Kaiburr's breach of contract claim seeks "economic damages in an amount to be proven at trial"; Kaiburr's account

6

stated claim seeks "not less than $739,684 in invoiced amounts." (Compl. ¶¶ 62, 68.)  *See Mediterranean Shipping Co. (USA) v. Huatai USA LLC*, 19 Civ.10756, 2020 WL 4750260, at *4-6 (S.D.N.Y. Aug. 17, 2020) ("While Plaintiff may not ultimately recover the same damages twice, it may maintain [breach of contract and account stated claims] at this stage, where the Court has not yet ruled on the validity of any contract.") (citation omitted).

Accordingly, dismissal of Kaiburr's account stated claim is not required.  Doing so would violate the liberal policy of Federal Rule of Civil Procedure 8(e), which "allows plaintiffs wide 'latitude' in framing their right to recover."  *Seiden Associates v. ANC Holdings, Inc.*, 754 F. Supp. 37, 40 (S.D.N.Y. 1991) (citing *MacFarlane v. Grasso*, 696 F.2d 217, 224 (2d Cir. 1982)).

Accordingly, it is hereby

**ORDERED** that Tower 05's motion to dismiss, (Dkt. No. 13), is **DENIED**; and it is further

**ORDERED** that the parties contact the magistrate judge to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

November 1, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge